IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WILLIE F. HESS, ) | |
| ) | |
| Plaintiff, ) | Civil No. 06-269-JO |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| MICHAEL R. WASHINGTON; ET AL., ) | |
| ) | |
| Defendants. ) | |

Willie F. Hess
Reg. No. 6598452
SNAKE RIVER CORRECTIONAL INSTITUTION
777 Stanton Boulevard
Ontario, OR  97914-0595

  Plaintiff Pro Se

Leonard W. Williamson
STATE OF OREGON DEPARTMENT OF JUSTICE\
Trial Division - Corrections Litigation
1162 Court Street, N.E.
Salem, OR  97301

  Attorney for Defendants

JONES, Judge:

Plaintiff Willie Fern Hess is an inmate in custody of the Oregon Department of Corrections, housed in the Snake River Correctional Institute in Ontario, Oregon.  Hess, who proceeds *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983 against Michael Washington and the Oregon Board of Parole seeking both monetary damages and injunctive relief.  Both plaintiff and defendants seek summary judgment.  For the reasons stated below, defendants' motion (# 28) is GRANTED and plaintiff's motion (# 17) is DENIED.

FACTUAL BACKGROUND

In January 1985, plaintiff was convicted of two counts of Sodomy in the First Degree, one count of Rape in the First Degree, and one count of Sexual Abuse in the First Degree. Defendants' Motion for Summary Judgment, Affidavit of Michael Washington ("Washington Aff."), Attachment 10, p. 1.  The trial judge sentenced plaintiff to 20 years each for the Rape and Sodomy counts, and 5 years for the Sexual Abuse count.  Id.  The judge ordered these sentences to be served concurrently, but consecutively to sentences previously imposed.  Id.

Under Oregon law, the Oregon Board of Parole must release a prisoner on his parole date unless it finds that his parole should be postponed for one of several statutory reasons.  See ORS 144.245.  One reason the Board may postpone a prisoner's release date is if the prisoner has a "psychiatric or psychological diagnoses of a present severe emotional disturbance such as to constitute a danger to the health or safety of the community."  ORS 144.125(3).

In September 2003, plaintiff underwent a psychological evaluation in anticipation of an upcoming parole hearing.  Washington Aff., p. 1.  In his assessment of plaintiff's mental status, the examining psychologist noted that plaintiff was "alert, fully oriented, pleasant and cooperative, displaying no behavioral signs for the presence of significant mental or emotional

disturbance." Id. at 3.  Notwithstanding that assessment, the psychologist diagnosed plaintiff with Pedophilia and Personality Disorder with Narcissistic and Antisocial Features.  Id. at 1. The doctor opined that these conditions were severe and predisposed plaintiff to the commission of crimes to a degree rendering him an ongoing threat to the health and safety of the community. Id. at 1-2.  On November 5, 2003, plaintiff had an exit interview hearing before a three-member panel of the Board.  Id. at 10.  The panel unanimously concluded that plaintiff "suffers from a present and severe emotional disturbance that constitutes a danger to the health or safety of the community" and deferred his release date for 24 months.  Id.

Plaintiff requested administrative review of the panel's decision, and the Board denied him relief.  Complaint, Exhibit 6, p. 1.  He then filed a motion for leave to proceed with judicial review with the Oregon Court of Appeals.  Id. at Exhibit 5.  The Oregon Court of Appeals denied plaintiff's motion, and the Oregon Supreme Court denied review.  Id. at Exhibit 8.

Since September 25, 1985, the Board of Parole has provided plaintiff with a Parole Hearing every two years in which the Board hears and considers evidence, including psychological reports, to determine whether plaintiff remains a threat to the community.  Id. at Exhibit 101, p. 4.  After each psychological evaluation, plaintiff and the Oregon Board of Parole receive a psychological report.  These reports explain the psychologist's conclusions in medically-cognizable terms, referring to diagnoses under the Diagnostic and Statistical Manual of Mental Disorders.  Plaintiff is not satisfied with merely receiving the report; he wants access to the "methods, schemes, tactics and policies of the testing procedure."  Plaintiff's Response to Motion for Summary Judgment, p. 2.  Plaintiff repeatedly has waived any privilege of

confidentiality he has in these records. The Board repeatedly has claimed that it retains the privilege of confidentiality as the party contracting with the psychiatrist.

On June 27, 2005, plaintiff filed a habeas corpus action in federal court, demanding access to the records underlying the report. Id. at Exhibit 1, p. 3. The petition was dismissed summarily as "not cognizable in a habeas corpus case." Id. The Order to Dismiss did not preclude plaintiff from filing an action under 42 U.S.C. § 1983, and plaintiff commenced this action on February 27, 2006.

In his Complaint, plaintiff alleged that his "Oregon and United States Constitutional due process, equal access and equal protection, Rights, have been . . . violated." Complaint at p. 4. Specifically, plaintiff claims that by refusing to give him access to the notes and work product of the examining psychologists, the Oregon Board of Parole engaged in secretive "kangaroo trials" that violate his constitutional right to have the procedures used to deny his liberty open for public, peer and judicial review. Id.

## STANDARD

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. United Steelworkers of America v. Phelps Dodge, 865 F.2d 1539, 1542 (9th Cir. 1989).

The substantive law governing a claim determines whether a fact is material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also T.W. Elec. Service v. Pacific Elec. Contractors, 809 F.2d 626, 630 (9th Cir. 1987). Reasonable doubts as to the existence of a material factual issue are resolved against the moving party. T.E. Elec. Service, 809 F.2d at 631. Inferences drawn from facts are viewed in the light most favorable to the non-moving party. Id. at 630-31.

## DISCUSSION

1.  Qualified Immunity.

Defendants claim that they are entitled to qualified immunity. Qualified immunity is an immunity from suit for damages, and is not an immunity from suit for declaratory or injunctive relief. Los Angeles Police Protective League v. Gates, 995 F.2d 1469, 1472 (9th Cir. 1993). Qualified immunity is immunity from suit, not a defense. Consequently, the Supreme Court has stressed repeatedly that courts should resolve immunity questions at the earliest possible stages of litigation. Hunter v. Bryant, 502 U.S. 224, 227 (1991) (*per curiam*) (citing cases); Saucier v. Katz, 533 U.S. 194, 201 (2001). However, as the Saucier court explained, the threshold inquiry for a court confronted with a claim of qualified immunity is "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Id. For these reasons, I first address whether the facts alleged by plaintiff, drawn in the light most favorable to him, show that the Oregon Board of Parole violated his constitutional rights.

5 - OPINION AND ORDER

2.      No Equal Protection Violation has Occurred.

Plaintiff claims that by refusing to give him access to the documents underlying the psychologists' reports, the Board has violated his right to equal protection of the laws under the United States Constitution. Complaint at p. 4. Defendants assert that plaintiff has failed to state an equal protection claim because he "must demonstrate that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Memorandum in Support of Defendants' Motion for Summary Judgment, p. 3. Plaintiff responds that this argument is "extraneous" and that "others will be requesting these rights." Plaintiff's Response to Motion for Summary Judgment, p. 3.

Plaintiff misunderstands the equal protection analysis and the defendants' argument. Equal protection generally scrutinizes laws that regulate or burden a suspect class or a fundamental constitutional right. See Doe v. U.S., 419 F.3d 1058, 1062 (9th Cir. 2005); Willowbrook v. Olech, 528 U.S. 562 (2000) (citing cases). When the state action does not implicate a suspect class or fundamental right, a plaintiff may prevail by demonstrating that he "has been treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Willowbrook, 528 U.S. at 564. In the instant case, plaintiff has not alleged that other Oregon inmates subject to the same psychological testing procedures have been given access to the documents underlying their psychological reports. The fact that other inmates may, as plaintiff asserts, request such access does not in any way further his equal protection claim.

Giving the plaintiff the benefit of every doubt, and to the extent he claims that he has been treated differently than those convicted of similar crimes since the passage of Oregon's

6 - OPINION AND ORDER

Ballot Measure 11, his claim also fails. See Plaintiff's Motion for Summary Judgment, Exhibit 2, p. 2. Defendants convicted of Measure 11 crimes are not considered for parole, and therefore not permitted any Parole Board hearings. See ORS 137.700(1). Plaintiff may be treated differently in the sense that he has Parole Board Hearings, while Measure 11 defendants do not, because he is eligible for parole, while Measure 11 defendants are not. Receiving more favorable treatment does not present a proper equal protection challenge.

3.   No Due Process Violation has Occurred.

Plaintiff also alleges that by refusing to give him access to the documents underlying the psychologists' reports, the Board has violated his right to due process under the United States Constitution. Complaint at p. 4. The defendants argue that plaintiff has failed to establish a due process violation.

The due process clause imposes safeguards on the deliberate decisions of government officials to deprive a person of life, liberty or property. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). While some parole statutes create a liberty interest, the Ninth Circuit has declined to decide whether Oregon's parole statute creates one. See O'Bremski v. Maas, 915 F.2d 418 (9th Cir. 1990). Even assuming that the Oregon parole statute does create a liberty interest, the Board abided by the statutory procedures, and plaintiff was not denied due process.

As mentioned, Oregon law permits the Parole Board discretion to postpone a prisoner's parole date if the prisoner has a "present severe emotional disturbance such as to constitute a danger to the health or safety of the community." ORS 144.125(3). A parole decision "is not part of a criminal prosecution [and] the full panoply of rights due a defendant in such a

7 - OPINION AND ORDER

proceeding is not constitutionally mandated, even when a protected liberty interest exists." Pedro v. Oregon Parole Board, 825 F.2d 1396, 1399 (9th Cir. 1987). As a substantive matter, due process requires that some evidence in the record support the Board's decision to postpone parole. Superintendent v. Hill, 472 U.S. 445, 454 (1985). In plaintiff's case, the Board's decision was supported by the evidence presented in the psychologist's report. See Washington Aff., Attachment 11, pp. 1-8. Procedurally, due process requires notice and an opportunity to be heard and present evidence, the right to confront witnesses, a neutral hearing body, and a written statement by the fact finders discussing the evidence relied upon and the reasons for postponing parole. See Greenholtz, 442 U.S. 1, 16 (1979); Morrissey v. Brewer, 408 U.S. 471, 489 (1972); Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir. 1991). Plaintiff attended his hearing, was given an opportunity to be heard, and received a written statement from the Board explaining the basis of its decision to postpone parole. Due process does not require more.

Because no constitutional violation occurred, "there is no necessity for further inquiries concerning qualified immunity." Saucier, 533 U.S. at 201. Defendants are entitled to summary judgment on the federal claims.

4.   Supplemental Jurisdiction.

"When a district court dismisses on the merits a federal claim over which it had original jurisdiction, it may then decline to exercise supplemental jurisdiction over the remaining state claims." Herman Revocable Trust v. Teddy Bear, 254 F.3d 802, 806 (9th Cir. 2001). I exercise my discretion to decline supplemental jurisdiction over the plaintiff's Oregon state constitutional claims.

CONCLUSION

8 - OPINION AND ORDER

For the reasons stated above, plaintiff's motion (# 17) for summary judgment is DENIED, and defendants' motion (# 28) for summary judgment is GRANTED. Any other pending motions are denied as moot and this action is DISMISSED.

DATED this 19th day of March, 2008.

/s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

9 - OPINION AND ORDER